## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ROBERT AHRENDT,

      Plaintiff,

      v.

CONDOCERTS.COM, INC.,

      Defendant.

Case No. 17-cv-8418

Judge John Robert Blakey

## MEMORANDUM OPINION AND ORDER

In this putative class action, Plaintiff Robert Ahrendt alleges that Defendant Condocerts.com violated the Illinois Condominium Property Act (ICPA) and the Illinois Consumer Fraud Act (ICFA) and committed various torts by charging unreasonable fees to obtain real estate documents through its database. Defendant moved to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, this Court grants Defendant's motion.

## I.  The Complaint's Allegations

In May 2017, Plaintiff contracted to sell his Chicago condominium. [23] ¶ 16. The ICPA requires condominium sellers like Plaintiff to provide certain documents to prospective buyers for review and approval before closing a sale. *Id.* ¶ 1. When Plaintiff asked his condominium association's property manager for the ICPA documents, the manager told him that he needed to obtain them from Defendant. *Id.* ¶ 3. Defendant maintains an electronic database of ICPA documents and provides the documents to requesters, such as condominium owners, for a fee. *Id.* ¶

2. Typically, property managers—working on behalf of condominium associations—contract Defendant to store and provide access to the pertinent ICPA documents. *Id.* ¶ 22.

Plaintiff requested the necessary documents from Defendant's website through multiple transactions. *Id.* ¶ 35. In total, Plaintiff paid $370 for the documents: $40 in "service fees" and $330 in "document fees." *Id.* About one minute after Plaintiff placed his initial order, he received an email from Defendant indicating that the ICPA documents were available for download on its website. *Id.* ¶ 38. In Plaintiff's view, this speedy transaction indicates that Defendant provided no "actual service" and merely used a "computer generated" process. *Id.* ¶ 38.

Plaintiff alleges that he could not have obtained the ICPA documents from any other source, and thus had no choice but to pay Defendant's exorbitant fees so the sale of his condominium could go through. *Id.* ¶ 45. Plaintiff also alleges that Defendant pays "kickbacks" to property managers and does not disclose those kickbacks to condominium sellers who use Defendant's services. *Id.* ¶ 76.

## II.    Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide a "short and plain statement of the claim" showing that the pleader merits relief, Fed. R. Civ. P. 8(a)(2), so the defendant has "fair notice" of the claim "and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must also contain "sufficient factual matter" to state a facially plausible claim to relief—one that

"allows the court to draw the reasonable inference" that the defendant committed the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

In evaluating a complaint on a Rule 12(b)(6) motion, this Court accepts all well-pleaded allegations as true and draws all reasonable inferences in Plaintiffs' favor. *Iqbal*, 556 U.S. at 678. This Court does not, however, accept legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). On a motion to dismiss, this Court may consider the complaint itself, documents attached to the complaint, documents central to the complaint and to which the complaint refers, and information properly subject to judicial notice. *Williamson*, 714 F.3d at 436.

Generally, fraud claims under the ICFA must meet Rule 9(b)'s heightened pleading requirements. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). Rule 9(b) demands that claimants alleging fraud "state with particularity the circumstances constituting fraud." To satisfy Rule 9(b), a plaintiff "ordinarily must describe the who, what, when, where, and how of the fraud." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011) (internal quotation marks omitted).

## III. Analysis

### A. Count I: ICPA

Count I claims that Defendant violated the ICPA by charging unreasonably

high fees that lack any connection to Defendant's actual costs for providing documents. [23] ¶¶ 65–85. Defendant argues that this claim fails for several reasons, including that no private right of action for condominium sellers exists under the ICPA. [35] at 12.

The relevant ICPA provision states: "A reasonable fee covering the direct-out of pocket costs of providing such information and copying may be charged by the association or its Board of Managers to the unit seller for providing" the ICPA documents. 765 ILCS 605/22.1. The ICPA does not expressly authorize a private right of action. *See* 765 ILCS 605/1 *et seq*. Illinois courts will imply a statutory private right of action, however, if a plaintiff shows four things: (1) the plaintiff belongs to the class that the legislature intended to protect; (2) a private right of action serves the statute's underlying purpose; (3) the legislature designed the statute to prevent the plaintiff's injury; and (4) without a private right of action, the plaintiff lacks an adequate remedy. *Henderson Square Condo. Ass'n v. LAB Townhomes, LLC*, 46 N.E.3d 706, 726 (Ill. 2015).

Applying that four-factor test, Illinois courts have implied a private right of action for condominium *purchasers* who assert that sellers failed to make the required disclosures under section 22.1. *See D'Attomo v. Baumbeck*, 36 N.E.3d 892, 907 (Ill. App. Ct. 2015). Those courts conclude that the legislature designed section 22.1 to ensure that "a prospective purchaser is fully informed and satisfied with matters affecting the condominium unit." *Id.*; *see also Mikulecky v. Bart*, 825 N.E.2d 266, 271 (Ill. App. Ct. 2004) (A "plain reading" of the ICPA reveals that the

Act encourages "disclosure by the seller of a condominium unit for the protection of the prospective purchaser.").

Plaintiff was a condominium seller, not a purchaser. [23] ¶ 5. He fails to provide any authority implying a private right of action under the ICPA for condominium sellers, or finding that the legislature intended for the ICPA to protect condominium sellers from the harms at issue here. *See generally* [44]. This Court will not usurp the general province of Illinois courts by implying a private right of action for condominium sellers without a clear justification arising from Illinois law. *See Birchler v. Gehl Co.*, 88 F.3d 518, 521 (7th Cir. 1996) (Plaintiffs "desirous of succeeding on novel state law claims" must "present those claims initially in state court."). This Court dismisses Count I with prejudice. *See Horist v. Sudler & Co.*, No. 17-cv-8113, 2018 WL 1920113, at *2 (N.D. Ill. Apr. 24, 2018) (refusing to imply a private right of action under the ICPA for sellers).

### B. Count II: ICFA

Count II claims that Defendant violated the ICFA by charging "exorbitant fees," knowing that condominium sellers like Plaintiff have essentially no alternative source for the ICPA documents. [23] ¶¶ 86–101. Count II also alleges that, unbeknownst to customers, Defendant shares its fees with property managers, condominium associations, or condominium boards and retains a portion of the fees beyond its costs for providing the documents. *Id.* Defendant argues that Plaintiff fails to identify any deceptive representations or any wrong beyond Defendant charging a high price for its services. [35] at 19–24.

To state a claim under the ICFA, 815 ILCS 505/1 *et seq.*, Plaintiff must allege that: (1) Defendant used a deceptive or unfair business practice; (2) Defendant intended that Plaintiff rely on the deceptive or unfair practice; (3) the deceptive or unfair practice occurred in trade or commerce; (4) Plaintiff suffered actual damage; and (5) Defendant's violation of the Act proximately caused Plaintiff's damage. *Camasta*, 761 F.3d at 739. Generally, ICFA claims based upon a fraud of deception must satisfy Rule 9(b)'s pleading requirements, while claims based upon unfairness need only satisfy Rule 8(a). *See id.* at 737.

To the extent Plaintiff purports to allege a deceptive practice, his ICFA claim fails because he does not allege any fraudulent act whatsoever, let alone one with the requisite particularity to satisfy Rule 9(b). *See Pirelli*, 631 F.3d at 441–42. Plaintiff alleges, for example, that: "Condominium sellers, like Plaintiff, are led to believe that by charging a 'service fee,' only that amount is remunerated to Defendant for providing the information to Plaintiff and similarly situated condominium sellers." [23] ¶ 36. But Plaintiff never specifies what facts led him to this belief about the service fee or other fees. In fact, he emphasizes throughout his complaint that "Defendant makes *no representation* on its website, by email or otherwise to condominium sellers, including Plaintiff, as to the definition or justification of 'service fee' or the other charges for ICPA Documents." *See, e.g.*, *id.* (emphasis added).

Thus, in Plaintiff's own words, Defendant said nothing to make him believe that the fees it charged corresponded to its actual costs for providing documents, or

that it would pass all excess sums to his property manager instead of simply profiting from providing ICPA documents. The mere fact that Defendant calls its fees "service fees" and "document fees" fails to constitute a deceptive act under the ICFA. *See Barbara's Sales, Inc. v. Intel Corp.*, 879 N.E.2d 910, 927 (Ill. 2007) (dismissing an ICFA claim that relied solely upon the product's name because the plaintiffs failed to identify any "affirmative representations" by the defendant).

To the extent Plaintiff alleges an unfair practice, the ICFA claim also fails. Illinois courts use three factors to identify an unfair practice: (1) whether the practice offends public policy; (2) whether the practice is "immoral, unethical, oppressive, or unscrupulous"; and (3) whether the practice substantially injures consumers. *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 961 (Ill. 2002). Unfairness may result from a practice meeting only one factor, but to a serious degree, or from a practice meeting all three factors to a lesser degree. *Id.* In the absence of some other factor, however, merely charging "an unconscionably high price" generally does not establish a claim of unfairness. *Batson v. Live Nation Entm't, Inc.*, 746 F.3d 827, 833 (7th Cir. 2014).

Here, Plaintiff's allegations boil down to a complaint that Defendant charged him too much money. *See generally* [23]. Without more, such allegations cannot sustain a claim of unfairness. *See Batson*, 746 F.3d at 833. Plaintiff tries to repackage his ICPA claim by arguing that Defendant's fees contradict public policy because they violate the ICPA. [44] at 24. As discussed above, however, the policy behind the ICPA aims to protect condominium purchasers, not sellers.

Plaintiff also argues that he had no choice but to pay Defendant's inflated prices or risk the sale of his condominium falling through, *id.* at 23, but the complaint tells a different story. Plaintiff alleges multiple times that he could have obtained the ICPA documents from the Cook County Recorder of Deeds "for a more reasonable price," *see, e.g.*, [23] ¶ 96 n.2, but then somehow draws a legal conclusion that the ICPA "requires Plaintiff to obtain the ICPA Documents directly from the association's Board of Managers through whatever means directed," *id.* This Court need not accept Plaintiff's legal conclusions as correct. *Brooks*, 578 F.3d at 581. If Plaintiff could have obtained the documents elsewhere, then he did not face "the type of oppressiveness and lack of meaningful choice necessary to establish unfairness." *Siegel v. Shell Oil Co.*, 656 F. Supp. 2d 825, 833 (N.D. Ill. 2009) (quoting *Robinson*, 775 N.E.2d at 962).

More fundamentally, Plaintiff's real quarrel appears to be with his condominium association for directing him to a third-party provider instead of giving him the ICPA documents itself, per section 22.1. *See* [23] ¶¶ 3, 29. Plaintiff's claim that Defendant used an unfair practice depends entirely upon his "missing allegation" that Defendant "somehow caused the association to stop providing the disclosure documents when properly asked." *Horist*, 2018 WL 1920113, at *4. The complaint lacks any such allegation. Thus, this Court dismisses Count II without prejudice. *See id.*

## C.     Count III: Unjust Enrichment

Count III claims that Defendant unjustly enriched itself by charging and

collecting fees that exceeded its out-of-pocket expenses for producing ICPA documents. [23] ¶¶ 102–06. Defendant argues that this claim fails in tandem with Plaintiff's ICFA claim because they rely upon the same allegations. [35] at 25.

To state a claim for unjust enrichment, Plaintiff must allege that Defendant "unjustly retained a benefit" to Plaintiff's detriment, and that Defendant violated "fundamental principles of justice, equity, and good conscience" by keeping that benefit. *Saletech, LLC v. E. Balt, Inc.*, 20 N.E.3d 796, 808 (Ill. App. Ct. 2014). The parties debate whether unjust enrichment exists as a standalone claim. *See* [44] at 20; [45] at 14.

Illinois law reflects some uncertainty over whether unjust enrichment provides an independent cause of action. *Compare Raintree Homes, Inc. v. Village of Long Grove*, 807 N.E.2d 439, 445 (Ill. 2004) ("Here, plaintiffs have no substantive claim grounded in tort, contract, or statute; therefore, the only substantive basis for the claim is restitution to prevent unjust enrichment."), *with Martis v. Grinnell Mut. Reinsurance Co.*, 905 N.E.2d 920, 928 (Ill. App. Ct. 2012) ("Unjust enrichment is not a separate cause of action that, standing alone," justifies an action for recovery.). The Seventh Circuit reconciled such conflicting precedent as follows:

> Unjust enrichment is a common-law theory of recovery or restitution that arises when the defendant is retaining a benefit to the plaintiff's detriment, and this retention is unjust. What makes the retention of the benefit unjust is often due to some improper conduct by the defendant. And usually this improper conduct will form the basis of another claim against the defendant in tort, contract, or statute. So, if an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim.

*Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011).

Naturally, other courts in this district follow *Cleary's* instruction. *See, e.g.*, *Muir v. Nature's Bounty, Inc.*, No. 15-cv-9835, 2017 WL 4310650, at *6 (N.D. Ill. Sept. 28, 2017) (allowing an unjust enrichment claim to survive because the related ICFA claim survived); *Stevens v. Interactive Fin. Advisors, Inc.*, No. 11-cv-2223, 2015 WL 791384, at *16 (N.D. Ill. Feb. 24, 2015) (explaining that the plaintiff's unjust enrichment claim "stands only to the extent his underlying tort and contract claims stand"); *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 924 (N.D. Ill. 2013) (holding that an unjust enrichment claim remained viable because the underlying ICFA claim survived a motion to dismiss). Here, Plaintiff's unjust enrichment claim depends upon the same conduct that forms the basis of his ICFA claim: the allegedly excessive and improper fees that Defendant charged for providing ICPA documents. *See* [23] ¶¶ 96, 104. Thus, this Court dismisses Count III because it dismissed Plaintiff's related ICFA claim. *See Cleary*, 656 F.3d at 517.

### D. Counts IV–VII

Counts IV–VII assert claims for, respectively: fraud, fraudulent misrepresentation, fraudulent concealment and omission, and conspiracy. [23] ¶¶ 107–77. As in *Horist*, each count depends upon a predicate violation of either the ICPA or the ICFA. *See* 2018 WL 1920113, at *4. Because Plaintiff fails to allege those predicate violations, this Court dismisses Counts IV–VII without prejudice. *See id.*

## IV. Conclusion

This Court grants Defendant's motion to dismiss [35].  This Court grants the motion with prejudice as to Count I.  This Court grants the motion without prejudice as to all remaining counts.  Plaintiff may replead the claims dismissed without prejudice if he can do so consistent with his obligations under Rule 11; failure to correct the deficiencies identified here may result in dismissal with prejudice.  Plaintiff shall file any amended complaint by June 8, 2018.  The case management conference previously set for May 23, 2018 is stricken and reset to June 13, 2018 at 9:45 a.m. in Courtroom 1203.

Dated: May 14, 2018

Entered:

_____
John Robert Blakey
United States District Judge