UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT AHRENDT, individually and on behalf of all other persons similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OMAFIN, INC. formerly known as CONDOCERTS.COM, INC., a Mutual of Omaha Bank Company,<br><br>　　　　Defendant. | Case No. 1:17-cv-8418<br><br>Honorable John Robert Blakey |

**PLAINTIFF'S MOTION TO RECONSIDER, ALTER OR AMEND ITS MAY 14, 2018 ORDER PURSUANT TO FRCP 59(e)**

---

Now Comes Robert Ahrendt, individually and on behalf of other persons similarly situated, through his undersigned counsel, moves this Court under Rule 59(e) of the Federal Rules of Civil Procedure to reconsider, alter or amend its May 14, 2018 Order [Dkt. #47] to reinstate Count I or, in the alternative, stay the proceedings as to Count I and reinstate Counts II through VII. In support thereof, Plaintiff states as follows:

**BACKGROUND**

On January 25, 2018, Robert Ahrendt ("Plaintiff") filed a seven (7) count Amended Complaint against OMAFIN, Inc., formerly known as CONDOCERTS.COM, Inc., a Mutual of Omaha Bank Company (hereinafter "Defendant"). *See* Amended Complaint [Dkt. # 23]. Count I alleged a Violation of the Condominium Property Act, 765 ILCS 605/1, *et seq.* (hereinafter the "Condo Act") and Counts II through VII alleged a Violation of the Illinois Consumer Fraud and

1

Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, Unjust Enrichment, Fraud, Fraudulent Misrepresentation, Fraudulent Concealment and Omission, and Conspiracy, respectively. *See id*.

On May 14, 2018, this Court dismissed Count I with prejudice and dismissed the remaining counts without prejudice. The dismissal of Count I was premised on the Court's finding that there was no precedent in the State of Illinois establishing a seller's private right of action to sue under section 22.1 of the Condo Act. *Ahrendt v. Condocerts.com, Inc.*, 17-CV-8418, 2018 WL 2193140, at *5 [Dkt. # 47] (N.D. Ill. May 14, 2018).

However, an Illinois Court has held that such a private right of action exists. In *Friedman v. Lieberman Management Services, Inc.*, 2016 CH 15920, the Circuit Court of Cook County held that condominium sellers have a private right of action to sue the agent of a Condominium Association for violation of section 22.1 of the Condo Act. *See* Exhibit A, Order and Transcript; *see also* Exhibit B, Friedman Complaint and Motion to Dismiss. Judge Allen's ruling in *Friedman* case is currently on appeal before the Illinois Appellate Court, First District, *Friedman v. Lieberman Management Services, Inc.*, Docket No. 1-18-0059. In fact, this exact question is pending determination in an appeal before the United States Court of Appeals for the Seventh Circuit as well. *See Horist v. Sudler & Co.*, No. 17-cv-8113, 2018 WL 1920113, *2 [Dkt. # 41] (N.D. Ill. Apr. 24, 2018). The notice of appeal in *Horist* was just filed on May 23, 2018.

In consideration of this newly discovered evidence and/or controlling precedent, Plaintiff moves that the dismissal of Count I of the Amended Complaint be altered or amended pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Alternatively, Plaintiff requests that this Order as to Count I be stayed while the afore-mentioned cases are decided on appeal. Plaintiff

also moves the Court to reconsider its ruling dismissing Counts II through VII, to amend its May 14, 2018 order and to allow these claims to stand.

## LEGAL STANDARD

A Rule 59(e) motion to alter or amend a judgment may be used to ask a district court to reconsider its judgment and correct errors of law. *A.D. Weiss Lithograph Co., Inc. v. Illinois Adhesive Products Co.*, 705 F.2d 249, 250 (7th Cir. 1983), citing *Western Transport. Co. v. E.I. Du Pont de Nemours & Co.*, 682 F.2d 1233, 1236 (7th Cir.1982). The purpose of a motion to reconsider is "to correct manifest errors of law or to present newly discovered evidence." *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 707 (N.D. Ill. 2006). Altering or amending a judgment under Rule 59(e) "is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006); *VBR Tours, LLC v. AMTRAK*, 2015 U.S. Dist. LEXIS 130455, at *14 (N.D. Ill. Sept. 28, 2015) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) and *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).

To succeed on a Rule 59(e) motion, "the movant must 'clearly establish' one of the aforementioned grounds for relief." *Id*. at 546. When presenting newly discovered evidence, motions under Rule 59(e) may only be used to present evidence that could not have been presented before order or judgment was entered. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008), citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir.2007). This standard is met here.

## ARGUMENT

It is well-established that "a federal court must attempt to resolve issues in the same manner as would the highest court of the state that provides the applicable law." *Todd v. Societe*

*BIC*, 9 F.3d 1216, 1221 (7th Cir.1993) (*en banc*) (plurality opinion). "However, without clear guidance from the highest court of the state," as is the case here, "the federal court must use its best judgment to determine how that court would construe its own law." *Valerio v. Home Ins. Co.*, 80 F.3d 226, 228 (7th Cir.1996). In so doing, the court may consider the decisions of the lower courts (emphasis added) and the courts of other jurisdictions, as well as other persuasive authorities. *Stephan v. Rocky Mountain Chocolate Factory, Inc.*, 129 F.3d 414, 417 (7th Cir. 1997).

In dismissing Count I of Amended Complaint, this Court held that it "will not usurp the general province of Illinois courts by implying a private right of action for condominium sellers without a clear justification arising from Illinois law." *Ahrendt v. Condocerts.com, Inc.*, 17-CV-8418, 2018 WL 2193140, at *5 [Dkt. #47] (N.D. Ill. May 14, 2018). The Court relied on *Horist v. Sudler & Co.*, No. 17-cv-8113, 2018 WL 1920113, [Dkt. #41] (N.D. Ill. Apr. 24, 2018), and the finding that Plaintiff failed "to provide any authority implying a private right of action under the Condo Act for condominium sellers." *Id*. However, the finding in *Friedman* that a seller has a a private right of action to sue under section 22.1, which is in direct contradiction to the ruling in this case and in *Horist*, is now publicly available and must be followed.

In the wake of this new controlling precedent recognizing a private right of action for condominium unit sellers against agents of a Condominium Association, including a property manager, for violation of section 22.1 of the Condo Act—controlling precedent which was ***not*** publicly available until after all of Plaintiff's required pleadings were due and filed—Plaintiff moves that the May 14, 2018 Order be reconsidered and altered or amended to reinstate Count I. Alternatively, given Plaintiff's procedural posture, Plaintiff requests that the Order as to Count I be stayed pending appeal in both *Friedman* and *Horist*.

4

I.  ***FRIEDMAN*** **PROVIDES NEW CONTROLLING PRECEDENT WHICH WARRANTS RECONSIDERATION OF THE MAY 14, 2018 ORDER AND REINSTATEMENT OF COUNT I.**

In *Friedman v. Lieberman Management Services, Inc.*, 2016 CH 15920, the plaintiff filed an action in the Circuit Court of Cook County against a property manager as agent of a condominium association *inter alia* for a violation of section 22.1 of the Condo Act. The seller alleged that the property manager, as agent for the condominium association, charged the seller fees in excess of the permitted statutory amount for furnishing the 22.1 Documents as required as part of a real estate sale. *See* Exhibit A, Order and Transcript; see also Exhibit C, *Friedman v. Lieberman Management Services, Inc.* Appellant Brief, Pg. 3. The Defendant filed a motion to dismiss the Condo Act claim on the basis that a condominium seller has no private right of action to sue for violation of the Condo Act. *See* Exhibit B, *Friedman v. Lieberman Management Services, Inc.* Motion to Dismiss and Related Briefs. After briefing and hearing, Judge Allen of the Circuit Court of Cook County entered a handwritten order denying the motion to dismiss the Condo Act claim. See Exhibit A. Judge Allen delivered his ruling and reasoning therefor from the bench at the hearing.

Subsequent to that ruling, the Defendant property manager, filed a petition for leave to appeal, which was granted by the Illinois Appellate Court, First District. Exhibit C at A005. The Appellate Court set forth a briefing schedule and, on April 17, 2018, the Defendant-Appellant filed its appeal brief. Importantly, attached to the Defendant-Appellant's Brief was the transcript of the proceedings before Judge Allen, commissioned by the parties. See Exhibit C at R002; also submitted as Exhibit A. This is the first time anybody could have discovered the specific legal findings made by Judge Allen, unless in the courtroom that day. In the transcript of the proceedings it is clear that the *Friedman* Court specifically held *inter alia* that an implied private right of action exists on behalf of a condominium unit seller against a property

5

management company, where the property management company is acting as an agent for the Condominium Board of Managers and/or the "Unit Owners" Association, with respect to the fees charged by the property management company for the disclosure documents described in Section 22.1(a) of the Condo Act. *Id*.

### A. Plaintiff Could Not Present Evidence of Judge Allen's Ruling Until the Appeal Attaching the Transcript of the Proceedings Was Filed As Part of the Appeal.

It is clear that the *Friedman* court held that a condominium seller has an implied private right of action to sue a property management company, as agent of a condominium association, for violation of section 22.1 of the Condo Act. Exhibit A, Order and Transcript. Of course, Judge Allen issued this ruling after a hearing where he recited orally his reasons and findings. His ruling was unpublished and was not made publicly available until the Defendant-Appellant, Lieberman Management Services, Inc., filed its appellant brief on April 17, 2018, that contained the transcript of Judge Allen's ruling. *See* Exhibit C, Lieberman Appellant Brief. Accordingly, Plaintiff here did not have access to the new controlling precedent as set forth in *Friedman* until the filing of the appellant brief in that case on April 17, 2018—more than three weeks *after* Plaintiff filed his Response brief to Defendant's motion to dismiss on March 26, 2018, and even *after* Defendant OMAFIN, Inc. filed its Reply brief.

Given the timing of Plaintiff's access to Judge Allen's ruling in *Friedman* relative to parties' briefing schedule on the Motion to Dismiss the Amended complaint, Plaintiff was prevented from presenting this precedent to this Court during briefing in this case, as it was unavailable to the public at the time. In turn, this Court was denied the opportunity to consider a decision of a lower court of this state when applying the relevant substantive state law, *i.e.* the Condo Act, pursuant to direct guidance from the Illinois Supreme Court on this matter. *See*

*Scadron v. City of Des Plaines*, 734 F. Supp. 1437, 1452 (N.D. Ill. 1990) (finding that in the absence of a ruling from the Illinois Supreme Court, the court may look to decisions of the lower courts of this state).

Plaintiff's request to have the May 14, 2018 Order reconsidered, and altered or amended is proper and warranted under these circumstances. *See City. of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 819 (7th Cir. 2006) (holding that "[a] court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial").

B. *Freidman*—Not *Horist*—Is the Best Predictor of How an Illinois State Court Would Decide the Issue.

Now that a circuit court of Illinois has issued an opinion in favor of a private right of action for condominium unit sellers under the Condo Act, this decision, and not *Horist*, is the greatest predictive resource to determine how the Illinois Supreme Court would rule. *See Zick v. Verson Allsteel Press Co.*, 623 F. Supp. 927, 930 (N.D. Ill. 1985) (holding that "federal courts do not participate in the evolution of state law"). The Court here must decide the issue as if it was sitting as a state court. *See Shirley v. Russell*, 69 F.3d 839, 843 (7th Cir. 1995) (holding that "[f]ederal courts must decide diversity cases as if they were sitting as state courts."), citing *Todd*, 9 F.3d at 1221; *see also Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, (1938) (ruling that "[e]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. . . [t]here is no federal general common law.").

Moreover, "[a] further basis for a motion to reconsider would be a controlling or *significant change in the law* or facts since the submission of the issue to the Court (emphasis added)." *Bank of Waunakee*, 906 F.2d at 1191. Accordingly, the law in Illinois **_now_** recognizes that a private right of action for condominium unit sellers against management property

7

companies under the Condo Act exists, which constitutes a "significant change in the law" since the submission of this issue. Of course, "[i]n deciding a motion to dismiss, the district court is required to consider whether 'it appears beyond doubt that the plaintiff cannot prove any set of facts entitling it to relief' under any legal theory." *Cty. of McHenry*, 438 F.3d at 819, citing *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002).

Certainly, the significant change found in the ruling in *Friedman* precludes Defendant from being able to satisfy this standard. Accordingly, reconsidering, altering or amending the May 14, 2018 Order is warranted under these circumstances.

II. **ALTERNATIVELY, IF THE COURT CHOOSES NOT TO ALTER OR AMEND THE MAY 14, 2018 ORDER DISMISSING COUNT 1 WITH PREJUDICE, THE ORDER SHOULD BE STAYED PENDING A DECISION IN THE *FRIEDMAN* AND *HORIST* APPEALS.**

Should this Court choose not to amend its May 14, 2018 Order, Plaintiff requests that the Court stay proceedings on Count I pending the outcome of the relevant cases on appeal. In originally deciding this matter, this Court relied on *Horist*, a federal district court ruling, which held that a private right of action under the Condo Act for sellers does not exist. *Horist v. Sudler & Co.*, No. 17-cv-8113, 2018 WL 1920113, *2 (N.D. Ill. Apr. 24, 2018). However, when determining state law where the Illinois Supreme Court has issued no definitive interpretation, there are three alternatives or "answers": "(1) the Court is required to follow the law as stated by the Seventh Circuit Court of Appeals; (2) the court must predict what the Illinois Supreme Court would hold; and (3) the court must apply state law as interpreted by the Illinois Appellate Court which has jurisdiction over the county in which this case would have been brought had it been filed in state court." *Scadron*, 734 F. Supp. at 1452.

The Court did not properly rely on any of these three stated alternatives in dismissing Plaintiff's Amended Complaint. First, in determining whether condominium sellers have a

private right of action under the Act, the court relied on *Horist*—a federal district court, not the Seventh Circuit. Second, the Court did rely upon an Illinois Appellate Court's finding—but that was for a private right of action for condominium unit buyers *not sellers. See Ahrendt,* 2018 WL 2193140, at *2, citing *D'Attomo v. Baumbeck*, 36 N.E.3d 892, 907 (Ill. App. Ct. 2015)). Finally, while *Horist* may be predictive of how the Illinois Supreme Court would rule on this matter, pursuant to the instructions of this Court in *Scadron*, a federal district court decision does not provide the same guidance a decision rendered by the Seventh Circuit and/or Illinois Appellate Court would provide. *See Scadron*, 734 F. Supp. at 1452.

Presently, this Court has the opportunity to stay the proceedings as to Count I to directly rely on two of the three "answers"—the Seventh Circuit and the Illinois Appellate Court. Specifically, *Horist* is currently on appeal in the Seventh Circuit and *Friedman* is currently being heard by the Illinois Appellate Court.

Notably, Plaintiff has been placed in a peculiar procedural posture whereby Count I of its Amended Complaint was dismissed with prejudice, and all other counts were dismissed without prejudice. Accordingly, Plaintiff has received a final judgment as to Count I, but not to the rest of his counts. Should Plaintiff seek to appeal the final judgment of Count I, Plaintiff would have to simultaneously involuntary dismiss all other counts. However, given that this matter is on appeal on both the federal and state level, to do so would be self-defeating.

Therefore, should this Court choose not to alter or amend its judgment in this matter in light of the precedent held in *Friedman*, the judgment should be stayed pending appeal in both *Friedman* and *Horist* to permit Plaintiff the opportunity to chart his course of action with all of the facts at hand. Accordingly, Plaintiff requests that the dismissal of his Amended Complaint should be stayed until the abovementioned matters on appeal are decided.

9

## III. THE COURT SHOULD RECONSIDER AND AMEND OR ALTER ITS MAY 14, 2018 DISMISSAL ORDER TO REINSTATE COUNTS II-VII.

Plaintiff respectfully requests the Court reconsider its dismissal of Counts II through VII and reinstate such claims.

The Court dismissed Count II in part on the basis that Plaintiff never specified which facts led him to believe that the stated "service fees" and "document fees" were actually "service fees" and "document fees" and because Defendant said nothing to make Plaintiff believe that the fees charged corresponded to the actual costs. May 14, 2018 Order [Dkt. #47] *6. However, Plaintiff pled that identifying a fee as a "service fee" (as opposed to a "document fee") is what led Plaintiff to believe that the fees were "service fees" as actually labelled by Defendant. Amended Complaint [Dkt. # 23] ¶ 98.

The Court also found that Plaintiff admitted that he could have obtained the 22.1 Documents through other means for the purpose of providing the Documents to the condominium buyer. May 14, 2018 Order [Dkt. #47] *7. However, the Amended Complaint specifically alleges that he could **_not_** have obtained the Documents from any other source because the Condo Act requires a condominium seller to obtain the 22.1 Documents through their condominium association. Amended Complaint [Dkt. # 23] ¶¶ 25, 27, 29-40, 43-47, 69-72, 94, 95. This includes any agent of the condominium association. *Id.*, ¶ 22.

Lastly, the Court dismissed Counts III through VII for fraud, fraudulent misrepresentation, fraudulent concealment and omission, and conspiracy on the basis that they were dependent on Count I. However, as stated above, the Court's dismissal of Count I was in error and in contradiction with Illinois law. *Supra*, Section I.

## CONCLUSION

Wherefore, Plaintiff, individually and on behalf of all others similarly situated, requests that this Honorable Court either: (1) reconsider, alter or amend its May 14, 2018 Order dismissing Count I of the Amended Complaint with prejudice in light of newly discovered evidence and/or controlling precedent which imparts a significant change in the law to reinstate Count I and allow it to proceed; or (2) in the alternative, stay the judgment to dismiss Plaintiff's Amended Complaint pending appeal in both *Friedman* and *Horist*; and (3) reinstate Counts II-VII of the Amended Complaint.

Dated: June 22, 2018

    Respectfully submitted,

    /s/ _____Donald J. Pechous_____
    One of the Attorneys for Plaintiff

    James X. Bormes
    Catherine P. Sons
    **Law Office of James X. Bormes, P.C.**
    8 South Michigan Ave. Suite 2600
    Chicago, IL 60603
    (312) 201-0575- T
    (312) 332-0600- F
    jxbormes@bormeslaw.com
    cpsons@bormeslaw.com
    (Lead Counsel)

    Karnig S. Kerkonian
    Elizabeth M. Al-Dajani
    **Kerkonian Dajani LLC**
    1555 Sherman Avenue, Suite 344
    Evanston, IL 60201
    (312) 416-6180- T
    (312) 604-7815- F
    kkerkonian@kerkoniandajani.com
    ealdajani@kerkoniandajani.com

Donald J. Pechous  
Kasif Khowaja  
**The Khowaja Law Firm, LLC**  
70 East Lake St. Suite 1220  
Chicago, IL 60601  
(312) 356-3200- T  
(312) 386-5800- F  
dpechous@khowajalaw.com  
kasif@khowajalaw.com  

# CERTIFICATE OF SERVICE

The undersigned, an attorney, herby certifies that a copy of the foregoing instrument was served upon all counsel of record in this action via the U.S. District Court CM/ECF e-filing system on June 22, 2018.

/s/ ____Kasif Khowaja____
*One of the Attorneys for Plaintiff*

James X. Bormes
Catherine P. Sons
**Law Office of James X. Bormes, P.C.**
8 South Michigan Ave. Suite 2600
Chicago, IL 60603
(312) 201-0575- T
(312) 332-0600- F
jxbormes@bormeslaw.com
cpsons@bormeslaw.com
*(Lead Counsel)*

Karnig S. Kerkonian
Elizabeth M. Al-Dajani
**Kerkonian Dajani LLC**
1555 Sherman Avenue, Suite 344
Evanston, IL 60201
(312) 416-6180- T
(312) 604-7815- F
kkerkonian@kerkoniandajani.com
ealdajani@kerkoniandajani.com

Donald J. Pechous
Kasif Khowaja
**The Khowaja Law Firm, LLC**
70 East Lake St. Suite 1220
Chicago, IL 60601
(312) 356-3200- T
(312) 386-5800- F
dpechous@khowajalaw.com
kasif@khowajalaw.com