UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT AHRENDT, individually and on behalf of all other persons similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>OMAFIN, INC., formerly known as CONDOCERTS.COM, INC., A Mutual of Omaha Bank Company<br><br>               Defendant | Case No. 17-cv-08418<br><br>Judge John Robert Blakey |

## DEFENDANT'S RESPONSE IN PARTIAL OPPOSITION TO PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL

      The parties have fully briefed Defendant's Motion to Dismiss. This Court has already ruled on that Motion to Dismiss, except that the Court subsequently vacated its ruling in order to wait for the Seventh Circuit's ruling in *Horist v. Sudler & Co.* See Dkt. # 47 and Dkt. # 53. The parties waited for the Seventh Circuit's ruling in *Horist* for a year and a half. Now that the ruling is here – and confirms that this Court was right in the first place – Plaintiff seeks to avoid the effect of that ruling by filing an improper "notice of voluntary dismissal" in an effort to circumvent a ruling on the merits of his claims. Plaintiff's improper notice should be stricken; the Court should instead grant Defendant's Motion to Dismiss (again) and dismiss Plaintiff's claims *with prejudice*.

      Plaintiff purports to have filed a notice of voluntary dismissal pursuant to Fed. R. Civ. P(a)(1)(i). However, that Rule applies only if a notice of dismissal is filed "before the opposing party serves either an answer or a motion for summary judgment." Contrary to Plaintiff's assertion, Defendant *has* filed an Answer in this matter – *twice,* in fact. See Dkt # 13 and Dkt. # 33. Accordingly, Plaintiff has no authority to dismiss this action without a court order. Instead,

its "notice" of dismissal should either be construed as a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) or stricken entirely.

While Defendant does not oppose a Court Order dismissing this action, either pursuant to Rule 41(a)(2) or to Rule 12(b)(6), that dismissal should be *with prejudice*. "It is the intent of Rule 41(a)(2) to prevent voluntary dismissals which unfairly affect the opposing party." *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971). Accordingly, "the rule makes it clear that the determination of whether to grant a motion for voluntary dismissal rests within the sound discretion of the district court." *Tyco Laboratories v. Koppers Co., Inc.*, 627 F.2d 54 (7th Cir. 1980). "[T]he district court has the discretionary power to deny a plaintiff's request to voluntarily dismiss a claim without prejudice." *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994).

Here, Defendant has already spent significant time and effort litigating Plaintiff's claims. Plaintiff filed a motion to dismiss identifying numerous defects in Plaintiff's complaint. Dkt. # 16. Rather than contest that motion, Plaintiff filed an Amended Complaint. Dkt. # 23. But Plaintiff's second complaint remained defective, and Defendant filed a second Motion to Dismiss. Dkt. # 35. After full briefing on this second motion to dismiss, this Court entered an order dismissing Plaintiff's claims under the Illinois Condominium Property Act ("Condo Act") with prejudice and his other claims without prejudice, before vacating that order pending the Seventh Circuit's ruling in a nearly-identical case, *Horist v. Sudler & Co.* See Dkt. # 47 and Dkt. # 53.

The Seventh Circuit has now ruled in *Horist*, and its ruling confirmed that this Court was correct to dismiss Plaintiff's Condo Act claim with prejudice – meaning that the previous dismissal with prejudice should be reinstated. *Horist v. Sudler and Co.*, 941 F.3d 274, 280

(2019)("We therefore hold that section 22.1 [of the Condo Act] does not confer an implied right of action on condominium owners"). In addition, under the Seventh Circuit's ruling, Plaintiff's other counts should be dismissed with prejudice as well. *See id.* at 281. ("We make short work of the three common-law claims. Unjust Enrichment is not a separate cause of action under Illinois law. Neither is civil conspiracy." Further, there can be no claim under the Illinois Consumer Fraud Act because "Illinois courts have held that 'charging and unconscionably high price generally is insufficient to establish a claim for unfairness.")(citations omitted).

As the parties have fully briefed the merits of Plaintiff's claims, and the Seventh Circuit has now weighed in as well, the Court should not grant voluntary dismissal without prejudice. When evaluating a plaintiff's Motion for Voluntary Dismissal, "the court may consider the plaintiff's proffered excuse in its assessment of whether the dismissal without prejudice is proper." *U.S. v. Outboard Marine Corp.*, 789 F.23d 497, 502 (7th Cir. 1986). Here, it is apparent from the timing that the reason Plaintiff seeks dismissal is because the ruling in *Horist* defeats his claims in their entirety. But Courts have routinely held that voluntary dismissal should be denied "when a plaintiff seeks to circumvent an expected adverse result." *Stahan v. Diodati*, 755 F.Supp.2d 318, 323 (D. Mass. 2010). *See also, e.g., League of United Latin American Citizens, Council No. 4434 v. Clements*, 999 F.2d 831, 843 (5th Cir. 1993) quoting *Radiant Technology Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 203 (N.D. Tex. 1988)("motion to voluntarily dismiss under Rule 41 should be denied when plaintiff seeks to circumvent an expected adverse result"); *Pezold Air Charters v. Phoenix Corp*, 192 F.R.D. 721, 728 (M.D. Fla. 2000)("The Court will not allow Phoenix to use a motion for voluntary dismissal as a means to avoid the consequences of its actions").

After having fully litigated his claim in this Court, and faced with an expected adverse

ruling (again), Plaintiff should not be afforded yet another opportunity to attempt to re-litigate his claim here or in another forum in the future.

      WHEREFORE, Defendant, OMAFIN, INC., formerly known as CondoCerts.com, Inc., respectfully requests that this Honorable Court enter an order granting Defendant's Motion to Dismiss, dismissing Plaintiff's Amended Class Action Complaint *with prejudice* pursuant to Fed. R. Civ. P. 12(b)(6), and grant such other relief as this Court deems just and proper. Alternatively, Defendant requests that the Court enter an order granting Plaintiff's request for dismissal without prejudice on the condition that Plaintiff pay Defendant's reasonable attorneys' fees pursuant to Fed. R. Civ. P. 41(a)(2).

      Respectfully submitted,

November 15, 2019      By:   /s/ Eric L. Samore
      Counsel for Defendant, OMAFIN, INC.

Eric L. Samore ARDC #6181345
Ronald D. Balfour ARDC #6307658
SmithAmundsen, LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 15, 2019, he served **DEFENDANT'S RESPONSE IN PARTIAL OPPOSITION TO PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL** on all attorneys of record. This pleading was served upon the attorneys as listed above, pursuant to the Northern District of Illinois General Order on Electronic Case Filing.

[x]  Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on: November 15, 2019.

/s/  Eric L. Samore