UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Ahrendt, <br><br> Plaintiff, <br><br> v. <br><br> Omafin, Inc. f/k/a Condocerts.com, Inc. <br><br> Defendant. | Case No. 17 CV 8418 <br><br> Judge John Robert Blakey |

## ORDER

This case comes before this Court on Plaintiff's notice of voluntary dismissal [62].  For the reasons stated below, this Court grants Plaintiff's request to voluntarily dismiss his case without prejudice.  Civil case terminated.

## STATEMENT

In 2017, Plaintiff Robert Ahrendt filed a putative class action against Defendant Condocerts.com, alleging that Defendant violated the Illinois Condominium Property Act (ICPA) and the Illinois Consumer Fraud Act (ICFA) and committed various state-law torts by charging unreasonable fees to obtain real estate documents through its database.  Defendant moved to dismiss all claims, [35], and this Court granted that motion in May 2018, [47].  A month later, in June 2018, Plaintiff moved for reconsideration of the dismissal, [51], which this Court granted, vacating the prior dismissal order, [53].  This Court then stayed the case pending a

1

decision from "either the Seventh Circuit or the Illinois Appellate Court on whether the [ICPA] creates a private right of action for condominium sellers." *Id.*

The case remained stayed until November 2019, when Plaintiff filed a notice of voluntary dismissal, attempting to dismiss this case without prejudice under Rule 41(a)(1)(i). [62]. Defendant promptly responded, partially opposing Plaintiff's notice of voluntary dismissal. [64]. Defendant stated that, while it did not oppose dismissing the action, the dismissal should be one with prejudice, or in the alternative, that this Court should order Plaintiff to pay attorneys' fees. [64].

Rule 41(a) recognizes a "plaintiff's right to take a voluntary nonsuit and start over so long as the defendant is not hurt." *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994) (quoting *McCall-Bey v. Franzen,* 777 F.2d 1178, 1184 (7th Cir. 1985)). Plaintiff seeks to voluntarily dismiss under Rule 41(a)(1), but that subsection allows a party to do so only by stipulation or if the opposing party has yet to answer or move for summary judgment. Fed R. Civ. P. 41(a)(1). Here, because Defendant opposes the dismissal without prejudice, and because Defendant has already answered, [33], Rule 41(a)(1) cannot apply.

Instead, this Court construes Plaintiff's "notice" as a request to dismiss under Rule 41(a)(2), which provides that Plaintiff can obtain voluntary dismissal "only by court order, on terms the court considers proper." Fed. R. Civ. P. 41(a)(2). In considering whether to grant a request to voluntarily dismiss without prejudice under Rule 41(a)(2), courts examine whether the defendant will suffer unfair legal prejudice from the dismissal. *Marlow*, 19 F.3d at 304. Several factors guide this analysis,

2

including: (1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of plaintiff; (3) plaintiff's explanation for the need to take a dismissal; and (4) whether defendant has moved for summary judgment. *Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008); *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969).

Here, the balance of the factors weighs in favor of granting Plaintiff's request to voluntarily dismiss without prejudice. First, Defendant has not demonstrated that it has expended significant effort and expense in preparing for trial. Indeed, while it filed two motions to dismiss Plaintiff's claims, this case also remained stayed by agreement for more than a year, precluding the parties from engaging in discovery or other pretrial work. *See Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980) (fact that discovery had not "been so extensive" weighed in favor of granting voluntary dismissal). Second, Plaintiff has not delayed excessively nor lacked diligence; on the contrary, he has diligently prosecuted his claims and timely responded to the opposing party's filings, as well as court orders. And, the fourth factor also favors permitting Plaintiff to voluntarily dismiss, as Defendant has yet to move for summary judgment.

The third factor—whether Plaintiff proffers a sufficient reason for voluntary dismissal—gives this Court some pause. Defendant suggests that Plaintiff seeks voluntary dismissal without prejudice now, shortly after the Seventh Circuit decided *Horist v. Sudler & Co.*, 941 F.3d 274, 276 (7th Cir. 2019), because he knows he will lose. The *Horist* court held, among other things, that the ICPA protects only

3

condominium purchasers, not condominium sellers, *id.* at 279, and Plaintiff here is a seller, [23] ¶ 5. Thus, as Defendant contends, Plaintiff seeks dismissal without prejudice to avoid an adverse ruling in this case. [64] at 2. Plaintiff, for his part, represents that he seeks dismissal in good faith to "obtain a clear indication from Illinois state courts" as to their interpretation of the ICPA. [66] at 7. He references cases pending in Illinois state courts addressing the same issue as the Seventh Circuit did in *Horist*; Plaintiff expects these cases will be appealed, thus leading to further interpretations of the ICPA by Illinois appellate courts. *Id.* Plaintiff also asserts he will not refile this case in state court. [66] at 11 n.4. In short, Plaintiff represents that he "seeks to preserve his right to refile this case [in Illinois federal court], if Illinois courts find that condo sellers have a private right of action under Section 22.1 of the Condo Act." *Id.* at 11.

This Court finds Plaintiff's proffered explanation sufficient. While Defendant appears concerned that Plaintiff will refile his case, [64] at 4, Plaintiff has committed to doing so in federal court and only in the event a change in law occurs as to Illinois courts' interpretation of the ICPA. As it stands right now, and unless and until there is a change in law, Plaintiff cannot refile in federal court without running afoul of *Horist* and violating his Rule 11 obligations. Under these circumstances, this Court is not persuaded that Defendant will suffer legal prejudice should this Court allow Plaintiff to voluntarily dismiss without prejudice. Moreover, although Defendant may need to defend this case again in the event Plaintiff refiles, that mere "prospect of a second lawsuit or the creation of a tactical advantage, is insufficient to justify

4

denying the plaintiff's motion to dismiss." *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983). In sum, this Court finds that, on balance, the factors tip in favor of granting Plaintiff's request to voluntarily dismiss, and to permit that voluntarily dismissal to be one without prejudice.

Finally, this Court addresses Defendant's request for attorneys' fees. *See* [64] at 4. The Seventh Circuit has cautioned that because the purpose of awarding fees on a request for voluntary dismissal "is to compensate the defendant for the unnecessary expense that the litigation has caused," courts should only impose fees which "reimburse the defendant for expenses incurred in preparing work product *that will not be useful in subsequent litigation* of the same claim." *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985) (emphasis added); *see also Marlow*, 19 F.3d at 306. Here, this Court exercises its discretion to deny Defendant's request for fees because Defendant's work product concerning its motions to dismiss can be used in any subsequent litigation.

For the reasons explained above, this Court grants Plaintiff's request to voluntarily dismiss his complaint without prejudice [62]. This case is hereby dismissed without prejudice. Civil case terminated.

Dated: April 16, 2020

_____
Judge John Robert Blakey
United States District Court

5